**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION**

**JANE DOE**
     *Plaintiff*

**V.**

**INTERNATIONAL STUDENT
EXCHANGE, INC.,
ANGELA IFFT REEDY, AND
JAMIE LEDONNE**
     *Defendants*

Case No._____

<u>**JURY TRIAL DEMANDED**</u>

<u>**COMPLAINT**</u>

Plaintiff Jane Doe files this Complaint and complains of the conduct of

Defendants International Student Exchange, Inc., Angela Ifft Reedy, and Jamie

LeDonne. Plaintiff reserves the right to replead if new claims and issues arise upon

further development of the acts, as permitted by law. In support thereof, Plaintiff

will respectfully show this Court as follows:

**I.
<u>PARTIES</u>**

1.     Plaintiff Jane Doe. (hereinafter "Plaintiff" or "Doe") is a female born in Italy

in 2006 and who at all times relevant to the allegations herein was a minor child.

Jane Doe is pursuing this matter through a pseudonym to protect her identity as a

victim of childhood sexual assault. Jane Doe is a citizen of Italy and at all relevant times herein resided in Flanagan, Livingston County, Illinois, and South Bend, Indiana.

2.     Defendant International Student Exchange, Inc. ("Defendant ISE" and "ISE") is a not-for-profit corporation organized and existing under the laws of the State of California and maintains its principal place of business in New York. ISE conducts business throughout the United States, including, the State of Illinois. Defendant ISE can be served with process by and through its registered agent The Corporation, 36 Park Avenue, Bay Shore, NY 11706.

3.     Defendant Angela Ifft Reedy ("Defendant Reedy" and "Reedy") is an individual who is a resident of McLean County, Illinois and can be served with process at her place of residence at 22 Ravenwood Circle, Bloomington, Illinois 61704 or wherever she may be found.

4.     Defendant Jaime Ledonne ("Defendant Ledonne" and "Ledonne") is an individual who resides in Union Mills, Noble Township, LaPorte County, Indiana and can be served with process at her place of residence at 9511 S. 100 W. Union Mills, Indiana 46382 or wherever she may be found.

5.     Defendants ISE, Reedy, and Ledonne are collectively and jointly referred to as the "ISE Defendants."

2

## II.
## JURISDICTION AND VENUE

6.      This Court has diversity jurisdiction in accordance with 28 U.S.C. § 1332. Plaintiff is a resident of a foreign country; ISE is a California corporation with its principal place of business in New York. Defendant Reedy is a resident of Illinois and Defendant LeDonne is a resident of Indiana.  Plaintiff's damages exceed $75,000.00.

7.      Plaintiff claims that the ISE Defendants conduct business in the State of Illinois, purposefully availed themselves to the jurisdiction of Illinois, maintain minimum contacts with the State of Illinois, and availed themselves to general and special jurisdiction in Illinois. Plaintiff claims that these claims and causes of action arose from and relate to Defendants' contacts with Illinois. Plaintiff further claims that Defendants' affiliation with Illinois is continuous and systemic to confer jurisdiction in Illinois.

8.      Venue is proper in the United States District Court, Central District of Illinois, Peoria Division, because a substantial part of the events or omissions giving rise to the claim occurred in the Central District of Illinois, Peoria Division. 28 US.C. § 1391(b).

## IV.
## REQUEST FOR CORPORATE IDENTITY
## MISNOMER/MISIDENTIFICATION/ALTER EGO

9.    To the extent that any Defendant is conducting business pursuant to a trade name or assumed name, then suit is brought against such Defendant pursuant to the terms of Rule 17 of the Federal Rules of Civil Procedure, and Plaintiff demands that, upon answer to this petition, Defendants answer in their correct legal and assumed name.

10.    In the event any party is misnamed or not included herein, it is Plaintiff's contention that such was a "misidentification", "misnomer", and/or such parties are/were "alter ego" of parties named herein. Alternatively, Plaintiff contends that such corporate veil should be pierced to hold such parties properly included in the interest of justice.

## V.
## STATEMENT OF FACTS

11.    The importance of this case extends far beyond Illinois. Each year, thousands of students travel to the United States under the Secondary School Visitor Exchange Program (the "Program") to study in the United States and learn American culture. These students are placed with a host family home thousands of miles away from their families.  Shockingly and too frequently, each year many foreign exchange students are subjected to physical, sexual, and mental abuse, and unsanitary and

otherwise unsafe and unacceptable living conditions by host families.

12.    The United States Department of State promulgated rules and regulations concerning all aspects of the Program.  The Department of State regulations[1], industry standards, and ISE's policies and procedures require Program sponsors, like ISE, and their employees and agents, to perform background checks of those individuals who apply to be a host parent of a foreign exchange student to provide safe accommodation and living conditions for visiting students.

13.    The sponsors and their employees and agents are required to properly vet host families and host parents. The requisite background check, vetting, and investigation are in place to protect the visiting students, a necessarily vulnerable group.   Indeed, it is well known by the ISE Defendants that sexual predators apply to become host parents in the Program. As a result of Defendants' acts and omissions, Jane Doe was sexually assaulted by Gary Leato when she was a foreign exchange student placed by Defendants in Leato's home.

14.    Defendant ISE is secondary school student exchange visitor program sponsor. ISE has been and continues to be a "sponsor" and engaged in the business of recruiting host families for secondary student foreign exchange students and matching them with such students for placement in the United States, including, but

---

[1] 22 CFR 62.25, *et seq*

not limited to, placements in Flanagan, Illinois. The students are minors who would be enrolled in high school. The students' parents pay thousands of dollars to these organizations to participate in the secondary school student exchange visitor program.

15.    According to its website, ISE operates in all 50 states and maintains approximately 40 offices throughout the country. ISE maintains its Prairie Regional Office in Illinois and/or Indiana.

16.    At all relevant times, Defendant Reedy was the local coordinator/area representative for ISE in Illinois. Defendant LeDonne was the regional director of ISE for northwest Indiana and Illinois.

17.    It is understood and believed that Defendants Reedy and LeDonne are paid employees and/or agents of Defendant ISE. Their responsibilities included, but were not limited to, recruiting and participating in the screening and vetting process for prospective host parents by purportedly interviewing them, inspecting their homes, and contacting listed references.

18.    Further, Defendants Reedy and/or LeDonne were also responsible for overseeing the foreign exchange student placements in Illinois, and contacting the students, their host families, and their schools on a regular basis.

19.    Indeed, ISE's website specifically states:

> While on our program, exchange students live with a volunteer host family and attend their local high school.   Each student is assigned a personal ISE representative to provide supervision and assistance during their stay.

20.   Further, the United States Department of State requires contact with the students as follows:

> Maintain, at a *minimum*, a monthly schedule of personal contact with the exchange student.   The first monthly contact between the local coordinator and the exchange student must be in person. All other contacts may take place in person, on the phone, or via electronic mail and must be properly documented. The sponsor is responsible for ensuring that issues raised through such contacts are promptly and appropriately addressed. (emphasis added).

22 CFR 62.25(d)(11). *Emphasis added.*

21.   ISE solicited Leato to become a host family in Flanagan, Illinois. It is common practice in the foreign exchange student industry for sponsors, including ISE, by and through its local coordinators to "advertise" for local families to serve as host families.   ISE's foreign partners, in this matter Trinity, seek eligible students to apply for the Secondary School Visitor Exchange Program.

22.   ISE charges a significant fee to students and their families to participate. To receive the fee, ISE is required to vet and approve a host family. If there is no host family with whom to place the student, ISE does not receive a fee.

23.   A simple review of Leato's background and history revealed that he

7

intentionally placed himself as an authority figure over young girls. This should have been a red flag to ISE Defendants.

24.    It is well known by ISE Defendants that sexual predators place themselves in positions of authority over children. Therefore, ISE is required to properly interview, vet, and monitor all host parents.

25.    Gary Leato and his wife Olivia Leato submitted an application to ISE to be host parents for secondary school foreign exchange students. In accordance with Department of State regulations, Leato was required to provide the names, addresses, and phone numbers of two (2) character references who reside in the community.

26.    It is unclear whether Leato provided the requisite references and/or whether the ISE Defendants contacted any references.

27.    The ISE Defendants were required to perform a criminal background check on Gary Leato and his wife Olivia Leato.

28.    In their application, the Leatos represented that they live in rural, Flanagan, Illinois. They represented that they had three small boys ages 3, 2 and three months. The oldest child had special needs. As evidenced by the application, Jane Doe would be living on an excluded farm with little to no access to others.

29.    The Leatos stated that Gary worked outside the home and Olivia was a stay-at-home mother. Taking on further responsibility of a foreign exchange student with

three children under the age of 4, and one with special needs, should have been a red flag to the ISE Defendants as to Gary Leato's ability and motivation to host a female student.

30.    The ISE Defendants approved Gary and Olivia Leato to host a foreign exchange student on May 2, 2023.

31.    Although ISE and other J1 student programs claim to be non-profit organizations, ISE's corporate culture is structured primarily for financial gain. This corporate culture monetizes placement of more and more students. Importantly, if there are no hosts there can be no student placement.

32.    The result of this culture is a careless, unverified, and reckless placement process with a blatant disregard for the safety and welfare of the minor students. Corporate greed over safety has prevailed for years in this industry which has resulted in widespread sexual and physical abuse of students.

33.    ISE is designated and granted authority to engage in the Secondary School Visitor Exchange Program by the United States Department of State with the requirements and responsibilities associated with such designation. "Sponsors are required to adhere to all regulations set forth in this part." 22 CFR § 62.9. ISE is required to provide Jane Doe's family copies of the regulations and affirm it complied with the rules and regulations.

34.    In the spring of 2023, Jane Doe's parents entered into an agreement with ISE for their daughter's placement as a student in the Secondary School Visitor Exchange Program in the United States.

35.    After payment of a significant fee, ISE accepted Jane Doe as a participant in the ISE's exchange visitor program. In accepting Jane Doe into its exchange visitor program and placing her with a host family/host parent who was allegedly agreed to, vetted, screened, and approved by the ISE Defendants, ISE entered into a special relationship with Jane Doe which obligated ISE to protect the safety and welfare of Jane Doe, and to disclose to Jane Doe all matters material to Plaintiff's host family placement of which ISE knew or should have known.

36.    In the placement process, the host parent chooses the student from various applications. The student does not choose the family. In fact, students and their parents are informed that refusing a particular host family could result in a forfeiture of the fee and exclusion from the Program.

37.    At some point in the process, it is believed that the ISE Defendants provided Gary Leato applications of approved students, including Jane Doe's application, which included photographs and descriptions of the students. Gary Leato selected Jane Doe as the foreign exchange student to live in his house. The predator picked his prey.

38.     Jane Doe and her parents who signed the agreement with Trinity and ISE which allowed Jane Doe to be placed with an ISE-approved host family, reasonably relied upon the information and representations of ISE. Jane Doe's parents would not have allowed Plaintiff to be placed with Leato had they known of Leato's accurate background.

39.     Jane Doe arrived in the United States in August 2023 and was placed in the Leato home. Very soon after arriving, Leato commenced predatory grooming, and unwanted touching and hugging of Jane Doe. Leato worked to gain the trust and confidence of Jane Doe.   Leato insisted Jane Doe spend time alone with him despite his wife and three young children in the home.

40.     Quickly, Leato's conduct advanced to touching, hugging, fondling, groping, and kissing. These advances were unwanted and frightening. At no time did Reedy conduct home visits at the Leato home as required.

41.     Despite Reedy's failure to keep in contact with Jane Doe, Plaintiff reached out to her local coordinator, Defendant Reedy, on multiple occasions informing Defendant Reedy of the improper and unwanted touching and advances.

42.     Instead of intervening as required by Federal regulations, Defendant Reedy downplayed the situation and advised Jane Doe, a minor child, to personally address the unwanted advances with the sexual predator. Leato's conduct continued and Jane

11

Doe's fear increased. The ISE Defendants did nothing.

43. Children do not understand the acts of "grooming" or the ramifications of such conduct. However, the ISE Defendants are aware of the prevalence of child sexual assault and grooming. The ISE Defendants grossly failed Jane Doe and placed her under the care and authority of a sexual predator and failed to monitor and protect Jane Doe.

44. In December 2023, Leato raped JANE DOE. To coverup the sexual assault, the ISE Defendants removed JANE DOE from the Leato home to Defendant Reedy's home which violates federal regulations.

45. Despite being mandatory reporters, Defendants ISE, Reedy, and LeDonne failed to report the sexual assault to law enforcement, Flanagan High School, or Jane Doe's parents.

46. In furtherance of the coverup and when the commute from Defendant Reedy's home to Flanagan High School became too inconvenient for Reedy, ISE Defendants moved Jane Doe across state lines to a family in South Bend, Indiana on or about December 16, 2023. ISE Defendants did not inform the new host parents or Jane Doe's parents why Plaintiff was removed from the host family in Illinois. Leato continued to contact and stalk Jane Doe when she was in Indiana.

47. Jane Doe made an outcry to her new host parents that Leato raped her. The

new host parents immediately notified law enforcement in South Bend, Indiana and Flanagan, Illinois. Leato was charged with felony sexual assault of a minor child. Leato plead guilty and is currently serving his sentence in the Illinois Department of Corrections.

## VI.
## CAUSES OF ACTION

48.     The factual allegations are recited as if verbatim below. The following causes of action are set forth independently and alternatively, as appropriate, without prejudice or any estoppel effects.

### *Vicarious Liability/Respondeat Superior/Agency*

49.     Whenever in this Complaint it is alleged that the ISE Defendants did any act or thing, it is meant that ISE Defendants' officers, directors, agents, servants, employees, or representatives did such act or thing and that at the time such act or thing was done, it was done with the full authorization or ratification of the ISE Defendants or was done in the normal and routine course and scope of employment of the ISE Defendants' officers, agents, ostensible agents, agents by estoppel, servants, employees, or representatives.

### *Negligence/Negligence Per Se*

50.     As the designated sponsor to conduct the exchange visitor program for Jane

Doe's placement in the United States, the ISE Defendants had numerous duties and responsibilities, including, but not limited to, the duty to protect Jane Doe's safety and welfare by placing her with a host family who was capable of providing her with a comfortable and nurturing home environment, who had a good reputation and character, who had adequate financial resources to undertake hosting obligations, and who had been properly vetted through reference checks, application process, and background checks.

51.    It is well known that pedophiles intentionally place themselves in positions with regular access to and authority over children, like priests, coaches, teachers, and host parents. The ISE Defendants had a duty to provide reasonable measures to ensure Jane Doe's safety and welfare while living with the host parent with whom the ISE Defendants had placed her.

52.    Indeed, it is understood and believed that at all relevant times, ISE has been a member of the Council on Standards for International Education and Travel (CSIET), which has the following purported standards for membership.

    a.    Local representatives are to maintain regular personal contact with students and host families;

    b.    All adult members of the US host family residing in the home are to be vetted through a national criminal background check in the United States;

    c.    Organizations are to ensure adequate care and supervision of students;

    d.      Ensure the host family has reasonable resources to provide for the students;

    e.      Interview references and conduct reference checks, perform in-home inspections, and ensure the student is safe; and

    f.      Organizations are to comply with all appropriate regulations.

53. ISE uses this membership to entice parents and students to the Program representing sponsor oversight and merit-based membership.

54. However, membership in CSIET is nothing more than a marketing tool and payment of a fee to become and advertise as a member. CSIET provides no oversight.

55. The ISE Defendants were negligent in one or more of the following particulars:

    a.      Failed to properly screen and vet Leato through a proper background check prior to approving him as a host parent;

    b.      Failed to verify, confirm, and ensure the information provided on Leato's application was true and correct;

    c.      Failed to properly contact and verify Leato's listed references;

    d.      Failed to verify and confirm Leato's employment;

    e.      Failed to confirm and verify Leato's financial resources;

    f.      Failed to confirm and verify that neither Leato Cohen nor any one residing in the household was receiving governmental benefits;

g.  Failed to ensure that the host family headed by Leato had a good reputation and character;

h.  Failed to ensure Leato had adequate financial resources to undertake his hosting responsibilities;

i.  Negligently approved Leato as a host parent;

j.  Failed to regularly and adequately assess Jane Doe's welfare in person when Plaintiff was residing with Leato;

k.  Failed to provide a reasonable means for Jane Doe to obtain assistance in the event problems arose while living with Leato;

l.  Violated provisions of 22 CFR, Part 62;

m.  Failed to monitor and investigate the safety and welfare of Jane Doe;

n.  Failed to immediately intervene and remove Jane Doe from the Leato home on Jane Doe's first complaints of Leato's improper conduct; and

o.  Negligently trained employees in all aspects of vetting, investigations, and approval of host parents, including, failed to train regarding known red-flags and behaviors of pedophiles.

56.  The above-stated claims of negligence are not exhaustive. Each of the foregoing negligent acts and omissions, whether taken singularly or in any combination, directly, foreseeably and proximately caused the injuries and damages suffered by Jane Doe.

57.  ISE Defendants' conduct was in part the result of the unreasonable pressure placed by Defendants to identify and approve host families under agreements with ISE had with other country partners while maintaining an appearance of compliance

16

with industry standards, rules, and regulations.

58.    As a result of the unreasonable pressure, Defendants placed students, including Jane Doe, with host parents with criminal records, questionable predatory history, or who were otherwise unsuitable to serve as host parents.

59.    Further, it is believed and understood, ISE had a compensation system, practice, and protocol which promoted quick and improper vetting and approval of host parents. Then financially awarded its employees, including Defendants Reedy and Ledonne bonuses for each placement of a student with a host family.

60.    Defendants Reedy and Ledonne were incentivized to place as many minor children as possible. The more fees generated to ISE by foreign exchange students, the more host parents approved, the more minor students placed, the more the bonuses and financial awards to Defendants Reedy and Ledonne and other ISE employees.

61.    This financial compensation practice clearly placed money over the safety and welfare of the minors in the foreign exchange student program.

62.    As a designated sponsor, ISE is responsible for the effective administration of its exchange visitor program. 22 CFR § 62.10(d). Section 62.25 outlines and details ISE's duties and responsibilities relating to secondary school students. Defendants violated many provisions of 22 CFR § 62.001 *et seq.*

17

63.    As a sponsor, ISE is required to maintain a tax-exempt status conferred by the Internal Revenue Service pursuant to section 501(c)(3) of the IRS Code. 22 CFR 62.25(b).

64.    ISE is required to ensure that all organization officers, employees, representatives, agents, and volunteers acting on its behalf:

(1)    Are adequately trained. Sponsors must administer training for local coordinators that specifically includes, at minimum, instruction in: Conflict resolution; procedures for handling and reporting emergency situations; awareness or knowledge of child safety standards; information on sexual conduct codes; procedures for handling and reporting allegations of sexual misconduct or any other allegations of abuse or neglect; and the criteria to be used to screen potential host families and exercise good judgment when identifying what constitutes suitable host family placements. In addition to their own training, sponsors must ensure that all local coordinators complete the Department of State mandated training module prior to their appointment as a local coordinator or assumption of duties. The Department of State training module will include instruction designed to provide a comprehensive understanding of the Exchange Visitor Program; its public diplomacy objectives; and the Secondary School Student category rules and regulations. Sponsors must demonstrate the individual's successful completion of all initial training requirements, and that annual refresher training is also successfully completed;

(2)    Are adequately supervised. Sponsors must create and implement organization-specific standard operating procedures for the supervision of local coordinators designed to prevent or deter fraud, abuse, or misconduct in the performance of the duties of these employees/agents/volunteers. They must also have sufficient internal controls to ensure that such

18

employees/agents/volunteers comply with such standard operating procedures;

(3)   Have been vetted annually through a criminal background check (which must include a search of the Department of Justice's National Sex Offender Public Registry);

(4)   Place no exchange student with his or her relatives; and

(5)   Make no exchange student placement beyond 120 miles of the home of the local coordinator authorized to act on the sponsor's behalf in both routine and emergency matters arising from that exchange student's participation in the Exchange Visitor Program.

65.   ISE Defendants failed to properly vet, screen, and investigate Leato in violation of federal regulations and industry standards.

66.   Federal regulations also detail requirements for host family placements.

(l) *Host family placement.*

(1)   Sponsors must secure, prior to the student's departure from his or her home country, a permanent or arrival host family placement for each exchange student participant. Sponsors may not:

(i)   Facilitate the entry into the United States of an exchange student for whom a host family placement has not been secured;

(ii)  Place more than one exchange student with a host family without the express prior written consent of the host family, the natural parents, and the students being placed. Under no circumstance may more than two exchange students be placed with a host family, or in the home of a local coordinator, regional coordinator, or

19

volunteer. Sponsors may not place students from the same countries or with the same native languages in a single home.

(2) Prior to the student's departure from his or her home country, sponsors must advise both the exchange student and host family, in writing, of the respective family compositions and backgrounds of each, whether the host family placement is a permanent or arrival placement, and facilitate and encourage the exchange of correspondence between the two.

(3) In the event of unforeseen circumstances that necessitate a change of host family placement, the sponsor must document the reason(s) necessitating such change and provide the Department of State with an annual statistical summary reflecting the number and reason(s) for such change in host family placement in the program's annual report.

22 CFR 62.25(l)

67.    As illustrated above, a student cannot be placed, and the fee paid, until a host family has been secured. Consequently, ISE Defendants and other sponsors ignore regulations at the expense of the safety of children.

68.    Indeed, some local coordinators advertise on CraigsList, Facebook, and other local internet sources for host families which are known to be playgrounds for sexual predators.

69.    Federal regulations also enumerate reporting requirements.

(n)    *Reporting requirements.* Along with the annual report required by regulations set forth at § 62.15, sponsors must file with the Department of State the following information:

(1)    Sponsors must immediately report to the Department any incident or allegation involving the actual or alleged sexual exploitation or any other allegations of abuse or neglect of an exchange student. Sponsors must also report such allegations as required by local or state statute or regulation. *Failure to report such incidents to the Department and, as required by state law or regulation, to local law enforcement authorities shall be grounds for the suspension and revocation of the sponsor's Exchange Visitor Program designation;*

22 CFR 62.25(n)(1)

70.    The regulations detailed above are the minimum requirements of any J1 sponsor.   The regulations also require ISE Defendants to enact, implement, and enforce policies and procedures that mirror the federal regulations.

71.    ISE Defendants had two primary responsibilities: 1) solicit, investigate, and approve a reputable and safe host family; and 2) regularly and reasonably monitor JANE DOE while she was in the United States.

72.    These rudimentary responsibilities are required, and ISE Defendants were handsomely paid to perform these requisite duties. ISE Defendants ignored and neglected its responsibilities and set in motion a continuous course of conduct which resulted in the sexual assault of Jane Doe.

73.    The ISE Defendants were not only negligent, but their conduct constitutes

negligence per se. The following list is not exhaustive, but illustrates the ISE

Defendants' duties under federal regulations, ISE's requisite policies and policies,

ISE Defendants violations of both, and the result of Defendants' blatant violations.

a. ISE is a designated J1 Secondary School Visitor Exchange Program.

b. In order to qualify as a J1 Sponsor, ISE is required to be and maintain its status as a nonprofit organization under the guidelines of the Internal Revenue Code § 501(c)(3).

c. ISE and its agents, employees, and volunteers are required to comply with 22 CFR Part 62, a purpose of which is for the safety and protection of the children.

d. ISE is required to implement policies and procedures which track the Department of State regulations, the purpose of which is for the safety and protection of the children.

e. ISE solicits, verifies, and approves host parents for suitability to host in the United States. 22 CFR §62.25.

f. It is understood, as with the majority of J1 programs, ISE's employees, agents and volunteers are paid fees, incentives, and bonuses all on a per placement basis. More placements, more money.

g. ISE solicited Leato to serve as a host family for at least the academic year of 2023-2024.

h. Leato was required to complete ISE's application to volunteer as a host parent.

i. ISE was required to perform a background check, including criminal background check of Gary M. Leato.

j. ISE approved Gary M. Leato to host Jane Doe in Illinois. ISE placed Jane Doe in the Leato home.

k.   ISE was required to maintain at a ***minimum*** monthly contact with JANE DOE and was required to complete Monthly Contact Forms. 22 CFR § 62.25(d)(11). ISE failed to even minimally monitor Jane Doe.

l.   Jane Doe arrived in Illinois in August 2023 and resided in the Leato home until December 2023 when she raped. Jane Doe was then transported to Indiana in furtherance of the sexual assault coverup. From August until December 2023, Leato sexually preyed on Jane Doe.

m.   No one from ISE reported the sexual assault to law enforcement.

n.   Leato plead guilty to a first-degree felony of sexual assault of a child.

### ***Gross Negligence***

74.   The ISE Defendants' conduct was not only negligent and negligent per se but was also grossly negligent for which Jane Doe brings suit and for which the law allows the imposition of exemplary damages.

75.   Defendants' conduct, when viewed objectively from Defendants' standpoint at the time of the conduct, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendants were actually and subjectively aware of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others. Jane Doe seeks exemplary damages, in addition to actual damages, in an amount within the jurisdictional limits of this Court.

## VII.
## DAMAGES

76.     ISE Defendants' negligent, negligent per se, and grossly negligent conduct was a proximate cause of the injuries and damages Jane Doe suffered and continues to suffer.

77.     Defendants placed Jane Doe in a vulnerable and predicably dangerous environment with a sexual predator. Leato sexually assaulted Jane Doe.

78.     Although Jane Doe tries to maintain a productive life, she continues to struggle with lasting effects of the abuse she suffered.  Jane Doe continues to experience "triggers" which intensify and magnify the pain and anguish she suffered. It is well documented sexual assault survivors experience triggers for the balance of their lives.

79.     As a direct and proximate result of Defendants' conduct, jointly and severally, Plaintiff suffered bodily and emotional injuries for which she brings suit. As a result of the nature and severity of the injuries, Plaintiff has and/or will require psychological treatment in the past, and in reasonable probability, will require other and additional treatment in the future.

80.     Charges for such treatment that have been made in the past and those which will be made in the future have been and will be reasonable charges necessitated by Defendants' conduct.

81.    Furthermore, because of the nature and severity of the injuries sustained, Plaintiff suffered physical pain and suffering and mental anguish, and in reasonable probability, she will continue to suffer same into the future. Additionally, Plaintiff has and will continue to suffer physical impairment. Plaintiff suffered one indivisible injury for which Plaintiff claims Defendants are jointly and severally liable. Indeed, Defendants' acts and omissions set in motion a continuous course of conduct leading to Plaintiff's sexual and emotional abuse.

82.    Plaintiff additionally claims that ISE Defendants' conduct was intentional and/or grossly negligent and for which Plaintiff seeks the recovery of exemplary damages as allowed by law.

83.    Plaintiff's actual damages exceed $5,000,000.00.

## VIII.
## JURY DEMANDED

84.    Plaintiff hereby demands a jury trial.

## IX.
## AUTHENTICATION AND PRESERVATION

85.    In accordance with Federal Rules of Civil Procedure, notice is hereby given that the Plaintiff intends to use at trial and/or in pre-trial proceedings, all documents produced in discovery.

86.    Defendants are hereby given notice that any document or other material,

including electronically stored information, that may be evidence or relevant to any issue in this case is to be preserved in its present form until this litigation is concluded.

87.    Pursuant to the doctrine of spoliation, Defendants are further placed on notice of their obligation to safeguard and preserve all documents or other physical evidence now in their possession which might bear in any way upon either discovery or the discovery of admissible evidence in this case and of Plaintiff's intention to seek sanctions of the Court should they fail, either intentionally or by neglect, to do so.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of Plaintiff and against Defendant, jointly and severally, as follows:

1.    Actual damages against Defendants, jointly and severally, within the jurisdictional limits of this Court;

2.    Pre- and post-judgment interest as allowed by law;

3.    Exemplary damages as awarded by the Jury;

4.    Costs of court;

5.    Such other and further relief, both general and special, legal and equitable, to which Plaintiff is justly entitled; and

6.    Plaintiff demands trial by jury.

Dated: March 19, 2026                    Respectfully submitted,

                                         **THE LAW FIRM OF ALTON C.**
                                         **TODD PERSONAL INJURY LAWYERS**

                                         _/s/    Alton C. Todd_
                                         Alton C. Todd
                                         State Bar No. 20092000
                                         Seth Mitchell Park
                                         State Bar No. 24102325
                                         312 S. Friendswood Drive
                                         Friendswood, Texas 77546
                                         Telephone: 281-992-8633
                                         Email: alton@actlaw.com
                                                 service@actlaw.com

                                         -and-

                                         **THE CHANDLER LAW FIRM, L.L.P.**

                                         _/s/ Sherry Scott Chandler_
                                         Sherry Scott Chandler
                                         Texas Bar No. 17915750
                                         3555 Timmons Lane, Suite 710
                                         Houston, Texas 77027
                                         Telephone: (713) 228-8508
                                         Facsimile: (713) 228-8507
                                         E-mail: sherry@chandlerlawllp.com

                                         **ATTORNEYS FOR PLAINTIFF**

27